UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ANNE RIDDLE, et al., ) | |
| ) | |
|    Plaintiffs, ) | Civil Action No. 6: 04-620-DCR |
| ) | |
| V. ) | |
| ) | |
| BEVERLY RUBLE-RUPAREL, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|    Defendants. ) | |

*** *** *** *** ***

This matter is pending for clarification of the status of the record.

<u>Plaintiffs Are Without Standing to Assert Claims of Others</u>

Originally, the complaint in this action was signed by both co-Plaintiffs, Anne Riddle and William Ashcraft. Although the Motion to Reserve Ruling [Record No. 20] purports to have been filed on behalf of Anne Riddle, William Ashcraft, and their dependent children (Anna Ashcraft and John Paul Ashcraft), it is signed only by Anne Riddle. Further, the Response to [the Commonwealth's] Motion to Dismiss is signed only by Plaintiff William Ashcraft. The Court notes that neither Anne Riddle nor William Ashcraft may act as the representative of the other who originally signed the complaint in this action. *See Mercer v. Fayette Circuit Court*, 52 F.3d 325 (6th Cir. (Ky.) 1995) (unpublished) (an individual does not have standing to sue on behalf of others) (citing *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981); *Corn v. Sparkman*, 82 F.3d 417 (6th Cir. (Ky.) 1996) (unpublished). Further, a *pro se* plaintiff is limited to asserting alleged violations of his or her own constitutional rights and lacks standing to assert the constitutional rights of others. *Newsome v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). "A

plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995) (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

As neither Riddle nor Williams appears to be an attorney licensed to practice in this Court, their individually-signed pleadings [Record Nos. 19 and 20] are ineffective. *See Velasco v. Lamanna*, 16 Fed.Appx 311 (6th Cir. 2001) (citing *See Talley-Bey v. Knebl*, 168 F.3d 884, 885 (6th Cir. 1999).  In short, Williams does not have standing to assert Riddle's claims and Riddle does not have standing to assert claims on behalf of Williams. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *see also McGowan v. Maryland*, 366 U.S. 420, 429 (1961).  *Pro se* litigants have no authority to engage in the practice of law by filing papers with the court as another inmate's legal representative. *Storseth v. Spellman*, 654 F.2d at 1349, 1355 (9th Cir. 1981).

Absent a showing of exceptional circumstances (which showing has not been made here), a litigant may not be represented by a non-attorney engaging in the unauthorized practice of law. *See Weber v. Garza,* 570 F.2d 511, 513-14 (5th Cir. 1978).  It has been said that "'the practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities or business relations of one requiring the services." *Kentucky State Bar Assn. v. Bailey*, Ky. App. 409 S.W.2d 530 (1966) (citing *Kentucky Supreme Court Rule No. 3.020*).

The unauthorized practice of law may be deemed "misbehavior" punishable as criminal contempt pursuant to 18 U.S.C. §401(1). *Vaughn v. City of Flint,* 752 F.2d 1160 (6th Cir. 1985) (citing *United States v. Peterson*, 550 F.2d 379 (7th Cir. 1977)). In addition, the signing and filing of a pleading on behalf of another person by one who is not a qualified attorney makes that pleading ineffective to vest a court with jurisdiction and warrants that such a pleading be dismissed. *See Theriault v. Sibler,* 579 F.2d 302, 302 n.1 (5th Cir. 1978); *Scarrella v. Midwest Fed. Sav. Loan*, 536 F.2d 1207, 1209 (8th Cir.) (*per curiam*); *McKinney v. DeBord*, 507 F.2d 501, 503 (9th Cir. 1974). Consequently, Ashcraft's Response to the Commonwealth's Motion to Dismiss [Record No. 19] and Riddle's Motion to Reserve Ruling [Record No. 20] will be stricken from the record.

### NOTICE

The Defendants have filed a Motion to Dismiss which is pending for the Court's review. [Record No. 17] Ashcraft's Response has now been stricken from the record, leaving the Defendant's motion unopposed. Pursuant to LR 7.1(c)(1) of the *Joint Local Civil Rules of the United States District Courts for the Eastern and Western Districts of Kentucky*, "an opposing memorandum must be filed within fifteen (15) days of service of the motion." *Id.* Additionally, "[f]ailure to file an opposing memorandum may be grounds for granting the motion." *Id.* The Plaintiffs are both now placed on **NOTICE** that their failure to file a timely response to the Defendants' Motion to Dismiss may result in this action being dismissed.

Accordingly, it is hereby **ORDERED** that the matters appearing at Record Entry Nos. 19 and 20] are hereby **STRICKEN** from the Record. The Plaintiffs have ten (10) days from the

date of entry of this Order in which to file a sufficient response to the Defendants' Motion to Dismiss.

This 3rd day of August, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge