UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ANNE RIDDLE and WILLIAM ASHCRAFT, ) ) ) | |
| Plaintiffs, ) ) ) | Civil Action No. 6: 04-620-DCR |
| v. ) ) ) | |
| COMMONWEALTH OF KENTUCKY, ) CABINET FOR HEALTH AND FAMILY ) SERVICES, and BEVERLY RUBLE-RUPAREL, ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of Plaintiff Anne Riddle and William Ashcraft's Motion to Proceed *in forma pauperis*. ("IFP") [Record No. 53, 54] and Motion for Leave to file Errata. [Record No. 56] Because the plaintiff/appellants have failed to file the necessary documentation, their motion to proceed IFP will be denied. [Record No. 53, 54] In addition, their motion for leave to file errata will be denied. [Record No. 56]

**I.    BACKGROUND**

The motion to proceed IFP on appeal arises from the appeal of the Court's Memorandum Opinion and Order in the underlying case. [Record No. 51] In relevant part, this Court found the plaintiff's actions were barred by sovereign immunity (in the case of the Commonwealth of Kentucky) and absolute immunity (in the case of Beverly Ruble-Ruparel). As a result, the Court granted the defendants' motion to dismiss. [Record No. 50]

The underlying action contained a §1983 claim as well as allegations of malicious prosecution by the defendants. Riddle and Ashcraft argued they had wrongfully been subjected to numerous custody hearings and had been illegally deprived of custody of some, but not all, of Ms. Riddle's children. The Commonwealth responded that it had simply been investigating allegations of child neglect, and that any actions by Mrs. Ruble-Ruparel were in the course of her official duties.

This Court dismissed the claims asserted against the Commonwealth of Kentucky based on sovereign immunity, as both Riddle and Ashcraft are citizens of the state and had presented no evidence that the Commonwealth had waived sovereign immunity. Similarly, the claims against Ruble-Ruparel were dismissed because the actions of which plaintiffs complained were prosecutorial in nature, and entitled to absolute immunity.[1]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs motions to proceed *in forma pauperis* on appeal. A party who desires to appeal from a district court's action initially must file a motion in the district court. Fed. Rules App. Proc. 24(a)(1) The party seeking to proceed IFP must attach an affidavit which shows the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *Id*.

---

[1] For a more complete discussion, see §1, 3 of this Court's Oct. 24, 2005 Memorandum Opinion and Order.

If the Court grants the motion, the party may proceed on appeal without prepaying fees and costs, unless a statute provides otherwise. If, however, the district court denies the motion, it must state its reasons in writing. Fed. Rules App. Proc. 24(a)(2)

### III. ANALYSIS

Federal Rule of Appellate Procedure 24(a)(3) provides that,

> a party who was permitted to proceed *in forma pauperis* in the district-court action. . . may proceed on appeal *in forma pauperis* without further authorization, unless [] the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Also know as "prior approval", this requires that where a plaintiff was allowed to proceed IFP in the district court, the presumption is that he or she be allowed to proceed IFP on appeal. However, the rule is silent on what standard the district court should apply, on appeal, to determine IFP status where plaintiff was able to pay filing fees in their original action.

Fortunately, 28 U.S.C. §1915(a)(3) provides the necessary standard. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Determining what constitutes 'good faith' need not involve a subjective inquiry into the appellant's intent. 'Good faith' may be demonstrated by the presentation for 'appellate review of any issue not frivolous.' *Coppedge v. United States*, 369 U.S. 438 (1962). Interpreting this standard, the Fourth Circuit cautioned that a lack of 'good faith' is not shown by the mere fact "that the appeal lacks merit, but that the issues raised are so frivolous

that the appeal would be dismissed in the case of a non-indigent litigant." *Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612 (4th Cir. 1969).

The pro se plaintiff/appellants appealed this Court's dismissal of their lawsuit on November 23, 2005. Therefore, even though this Court had granted them permission to file errata, the Court was divested of jurisdiction over their case. This Court retained jurisdiction only to the extent necessary to determine if the plaintiff/appellants should be allowed to proceed on appeal IFP.

On January 27, 2006, the Court notified the plaintiff/appellants of deficiencies in their original application to proceed IFP, and instructed them regarding the additional information which must be submitted. The Court gave the plaintiff/appellants 30 days to file the necessary forms and information.

On February 27, 2006, plaintiff/appellants filed a pleading captioned "Response to Defendants' Motion to the Errata and Plaintiffs' Motion to Errata". [Record No. 56] This rather lengthy pleading does not address the Court's order to file an affidavit regarding their IFP application. Rather, it appears to be yet another attempt to re-argue the merits of the case.

The time for the plaintiff/appellants to respond to the Court's request to provide an affidavit to support their application to proceed IFP has run. The plaintiff/appellants have failed to file the necessary supporting documentation, and this Court cannot grant the requested reliev based on the documents the plaintiff/appellant chose to file. As such, the Court must direct that theplaintiff/appellants' most recent filing be stricken from the record as non-responsive, and

because this Court no longer possesses jurisdiction over this matter beyond the application to proceed IFP.

The pro se plaintiff/appellants may appeal this decision denying permission to proceed in forma pauperis to the court of appeals. Under Federal Rule of Appellate Procedure 24, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal IFP by the district court may file a motion to proceed on appeal IFP with the court of appeals. Fed.R.App.P. 24(a)(5). This must be done within thirty (30) days from today and with supporting documentation. *Id.*

### IV. CONCLUSION

Accordingly, the Court being advised, it is **ORDERED** as follows:

(1) The Plaintiff's Motion for Leave to File Errata from the record is **DENIED** and the Clerk of the Court is directed to **STRIKE** this pleading from the record. [Record No. 56]

(2) The Appellants are **DENIED** permission to proceed on appeal in forma pauperis. 28 U.S.C. §1915 (a) (3). [Record No. 53, 54]

(3) The Appellants are granted thirty (30) days from the date of entry of this Order in which either to pay the $255.00 appellate filing fee to the Clerk of this Court or to move the Sixth Circuit for permission to proceed in forma pauperis, with an affidavit of indigency, as described in Federal Rule of Appellate Procedure 24 (a) (1).

(4) The Appellants are hereby on notice that if they do not pay the entire $255.00 filing fee or submit a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit, as provided in Federal Rule of Appellate Procedure 24, within the thirty (30)-day period, the

appellate court will dismiss the appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601- 609-10 (6th Cir. 1997).

     (5)    The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 28th day of February, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge